968 F.2d 1224
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Deronda Charles KIGHT, Defendant-Appellant.
 No. 91-6275.
 United States Court of Appeals, Tenth Circuit.
 July 8, 1992.
 
 Before LOGAN, EBEL and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 On September 29, 1987, defendant Deronda Charles Kight entered a guilty plea to a superseding information charging him with robbery by force of the Heritage Savings and Loan in Hinton, Oklahoma, in violation of 18 U.S.C. § 2113(a). The court accepted defendant's guilty plea, sentenced him to fifteen years' imprisonment, and ordered him to pay $29,790.00 in restitution to the savings and loan. Defendant did not appeal his conviction.
 
 
 3
 On December 11, 1989, more than two years after his sentencing, defendant filed his first federal application for habeas corpus relief pursuant to 28 U.S.C. § 2255, alleging that (1) his guilty plea was involuntary; (2) he lacked full understanding of the nature and consequences of his plea due to his counsel's misrepresentations; (3) he was not afforded effective assistance of counsel; (4) the court did not consider his cooperation in deciding an appropriate sentence; (5) in sentencing defendant the court and counsel had violated Fed.R.Crim.P. 32 and Fed.R.Crim.P. 35; and (6) the district court erred in not sentencing defendant under the Sentencing Guidelines. In an exhaustive and well-supported eighteen-page order, the district court addressed defendant's claims and found them to be without merit. Defendant's subsequent appeal to this court was voluntarily dismissed.
 
 
 4
 Defendant filed a second federal habeas petition, under § 2255, on June 3, 1991, again claiming that his plea was involuntary, was induced by "false promises" by the assistant United States attorney, and that the government failed to comply with the plea agreement by failing to inform the sentencing court of defendant's cooperation in the investigation of the crime. The district court dismissed this petition as successive. It is from this decision that defendant appeals. After careful review of both petitions, the record on appeal, and the briefs of the parties, we agree with the district court's determination and affirm.
 
 Title 28 U.S.C. § 2244(a) provides:
 
 5
 (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determined, and the judge of court is satisfied that the ends of justice will not be served by such inquiry.
 
 
 6
 In Sanders v. United States, 373 U.S. 1 (1963), the Supreme Court stated that a subsequent petition for relief under § 2255 must be dismissed if, "(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." Id. at 15.
 
 
 7
 In Kuhlmann v. Wilson, 477 U.S. 436 (1986), the Court further refined the Sanders test by deciding under what circumstances a court would be required to conduct an "ends of justice" review of a successive petition. Id. at 451-52. The Court concluded that serving the "ends of justice" would "require federal courts to entertain such petitions only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence." Id. at 454; see also Andrews v. Deland, 943 F.2d 1162, 1172 (10th Cir.1991) (successive petitions are to be evaluated under the "factual innocence" test of Kuhlmann v. Wilson, or the three-part test set forth in Sanders v. United States), cert. denied, 112 S.Ct. 1213 (1992).
 
 
 8
 Defendant admitted his guilt at the time of sentencing. His only complaints, in both petitions, appear to be concerned with the circumstances of his acceptance of the plea agreement and his resulting sentence, and not the reality of his guilt or innocence. It is clear from the record, that, with a few minor alterations and additions, the issues defendant raised in his second petition are essentially the same as those raised and adversely decided in his first petition. The district court thoroughly considered all of defendant's claims in its lengthy order denying the first petition. Defendant's second application advances no "colorable showing of factual innocence." Consequently, the district court correctly dismissed defendant's second petition as successive.
 
 
 9
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3